UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| MICHAEL E. NAVA | § | CIVIL ACTION NO: |
| --- | --- | --- |
| | § | |
| *Plaintiff* | § | 3:20-cv-00426 |
| | § | |
| KEYSTONE RV COMPANY | § | |
| | § | |
| *Defendant* | § | JURY TRIAL REQUESTED |

## COMPLAINT

### I. Parties

1. Plaintiff, MICHAEL E. NAVA, is an individual that is now and has been at all times a citizen of Vernon, State of Texas.

2. Defendant, KEYSTONE RV COMPANY, hereinafter "KEYSTONE RV," is an Indiana corporation authorized to do and doing business in the State of Texas with its principal place of business located in Goshen, Indiana and is a warrantor of the recreational vehicle that Plaintiff purchased and is a merchant in goods of the kind involved in this case.

KEYSTONE RV's agent for service of process is David G. Thomas, 2642 Hackberry Drive, Goshen, Indiana 46526.

### II. Jurisdiction

3. This court has jurisdiction over this lawsuit because the suit arises under the Magnuson-Moss Warranty Act pursuant to 15 USC § 2310(d).

This court also has supplemental jurisdiction under 28 USC § 1367 over Plaintiff's state law claims because said claims are so related to the claims within the Court's original jurisdiction that they form part of the same case or controversy under Article 3 of the United States Constitution.

### III. Venue

4. Venue is proper in this district under 28 U.S.C. §1391(a)(3) because the Defendant are subject to personal jurisdiction in this district and there is no other district where the suit may be brought.

Venue is also proper in this district under Tex. Bus. & Com. Code §17.56. VENUE. An action brought under this subchapter may be brought:

(1) in any county in which venue is proper under Chapter 15, Civil Practice and Remedies Code; or

(2) in a county in which the defendant or an authorized agent of the defendant solicited the transaction made the subject of the action at bar.

Venue is also proper in this district under Tex. Bus. & Com. Code §15.033. Breach of Warranty By Manufacturer:

A suit for breach of warranty by a manufacturer of consumer goods may be brought in any county in which all or a substantial part of the events or omissions giving rise to the claim occurred, in the county in which the manufacturer has its principal office in this state, or *in the county in which the plaintiff resided at the time the cause of action accrued*.

### IV. Conditions Precedent

5. All conditions precedents have been performed or have occurred.

### V. Facts

#### A. The Transaction

6. On June 1, 2019, Plaintiff purchased a new 2020 KEYSTONE COUGAR bearing VIN 4YDF36424L2500345, hereinafter "COUGAR," from PATTERSON RV.

The "COUGAR" was purchased primarily for Plaintiff' personal use and registered

in the State of Texas.

7. The sales price of the COUGAR was $70,000.00. Civil or Punitive penalties for breach of warranty are recoverable under the Warranty Act, if they are recoverable for breach of warranty under the applicable state law. See **<u>Hughes v. Segal Enterprises, Inc.</u>**, **627 F. Supp. 1231, 1238 (W.D. Ark. 1986);** **<u>Chariton Vet Supply, Inc. v. Moberly Motors Co.</u>**, **2:08CV47MLM, 2009 WL 1011500 (E.D. Mo. Apr. 15, 2009).**

### B. Implied Warranties

8. As a result of the sale of the COUGAR by Defendant to Plaintiff, an implied warranty of merchantability arose in the transaction which included the guarantee that the COUGAR would pass without objection in the trade under the contract description; and that the COUGAR was fit for the ordinary purpose for which such recreational vehicles are purchased.

9. Subsequent to the sale, an implied warranty arose in connection with the repairs performed by the Defendant. Specifically, the Defendant impliedly warranted that the repair work had been performed in a good and workmanlike manner.

### C. Express Warranties

10. In addition to the implied warranties that arose in the transaction, certain representations and express warranties were made, including, that any malfunction in the COUGAR, occurring during a specified warranty period resulting from defects in material or workmanship would be repaired, and that repair work on the COUGAR had, in fact, repaired the defects.

11. Plaintiff's purchase of the COUGAR was accompanied by express warranties offered by the Defendant and extending to the Plaintiff. These warranties were part of the basis of the bargain of Plaintiff's contract for purchase of the COUGAR.

12. The basic warranty covered any repairs or replacements needed during the warranty period due to defects in factory materials or workmanship. Any required adjustments would also be made during the basic coverage period. All warranty repairs and adjustments, including parts and labor, were to be made at no charge. Additional warranties were set forth in the KEYSTONE COUGAR's warranty booklet and owners manual.

### D. Actionable Conduct

13. In fact, when delivered, the COUGAR was defective in materials and workmanship, with such defects being discovered within the warranty periods. Many defective conditions have occurred since purchase, including, but not limited to, **SPACE HEATERS DO NOT WORK; DEFECTIVE POWER DRAIN ON BATTERIES WHEREIN THE COUGAR IS UNABLE TO MAINTAIN A CHARGE WHICH MAY BE CAUSED BY A DEFECTIVE ELECTRICAL SYSTEM. THE REFRIGERATOR IS DEFECTIVE AND IS STILL DEFECTIVE. THE COUGAR HAS BEEN OUT OF SERVICE OVER 150 DAYS AND COUNTING IN THE FIRST YEAR OF OWNERSHIP.**

14. Since purchase, Plaintiff has returned his COUGAR to the Defendant and its authorized warranty service dealers for repairs on numerous occasions. Despite this prolonged period during which Defendant were given the opportunity to repair the COUGAR, the more significant and dangerous conditions were not repaired. Defendant failed to repair the vehicle so as to bring it into conformity with the warranties set forth herein. From the date of its purchase, the COUGAR, continues to this day to exhibit some or all of the non-conformities described herein.

15. The defects experienced by Plaintiff with the COUGAR substantially impaired its use, value and safety.

16. Plaintiff directly notified the Defendant of the defective conditions of the COUGAR on numerous occasions. Plaintiff notified the Defendant that he wanted a rescission of the sale of the COUGAR but Defendant has failed and refused to buy back Plaintiff's defective COUGAR.

## VI.   Causes of Action

**COUNT 1:   VIOLATIONS OF THE TEXAS DECEPTIVE TRADE PRACTICES ACT**

17. Plaintiff re-alleges and incorporates by reference herein each and every allegation set forth in the preceding paragraphs.

18. Plaintiff is a "consumer" as defined in the DTPA.

19. Defendant violated the following provisions of the DTPA:

   a. §17.50(1): the use or employment of a false, misleading, or deceptive acts or practices as defined in §17.46(b)(5), §17.46(b)(6), §17.46(b)(7), §17.46(b)(9), §17.46(b)(12), §17.46(b)(13), §17.46(b)(20), §17.46(b)(22) and §17.46(b)(24) of the DTPA that were detrimentally relied upon by the Plaintiff;

   b. §17.50(2): breach of express warranty, as defined in §2.313 of the Tex Bus and Com Code (the warranty failed of its essential purpose and Plaintiff were deprived of substantial value of bargain because the defect was not corrected within reasonable time);

   c. §17.50(2): breach of the implied warranty to perform repairs in a good and workmanlike manner, as set forth in Melody Home Mfg. Co. v. Barnes, 741 S.W.2d 349, 354 (Tex. 1987);

   d. §17.50(2): breach of the implied warranty of merchantability as defined in §2.314 of the Texas Business and Commerce Code;

   e. §17.50(3): an unconscionable action or course of action as defined by §17.45(5).

20. Because of the inherent defects in the COUGAR, which defects existed at the time the COUGAR was sold although not discovered until later, the COUGAR was not merchantable in that

it would not pass without objection in the trade under the contract description and it was not fit for the ordinary purpose for which such recreational vehicles are used. Furthermore, Defendant failed to perform the repair work in a good and workmanlike manner. This conduct by the Defendant constitutes a breach of the implied warranties described above, which breach is actionable under DTPA § 17.50(a)(2).

21. When the COUGAR was not repaired, the express warranties that it would be and had been repaired were breached. Defendant's breach of the express warranties is actionable under DTPA § 17.50(a)(2).

22. Defendant's statements that the COUGAR's defects would be and had been repaired misrepresented the characteristics, uses, benefits, standard and quality of Defendant's services. For this reason, these representations were false, misleading and deceptive as defined in DTPA § 17.46(b)(5) and (7); and this conduct is actionable under DTPA § 17.50(a)(1).

23. The Defendant's acts or practices in the selling and/or repairing of the COUGAR to Plaintiff were unconscionable actions or courses of action because they took advantage of the Plaintiff's lack of knowledge, ability, experience, or capacity of the Plaintiff to a grossly unfair degree. For this reason, this transaction was unconscionable and is actionable under DTPA § 17.50(a)(3).

24. Plaintiff further contends that Defendant's violations of the DTPA were committed knowingly and intentionally as those terms are defined in §17.45(9) and §17.45(13) of the DTPA entitling Plaintiff to seek civil penalties in trebling of his actual damages in accordance with the DTPA.

25. This conduct was a producing and/or proximate cause of actual damages to Plaintiff, as set forth below.

26. The limited remedy in Defendant's warranty fails of its essential purpose and deprives Plaintiff of the substantial value of the bargain because Defendant or its authorized dealerships did not correct the defects within a reasonable time. Tex. Bus. and Com. Code § 2.719. Therefore, any purported limitation of remedies is ineffective.

27. The exclusion of consequential and incidental damages is unconscionable and therefore unenforceable.

28. This conduct was a producing and/or proximate cause of actual damages to Plaintiff, as set forth below.

29. As a direct and proximate result of Defendant's willful violation of their obligations under the DTPA, Plaintiff has suffered actual, consequential and incidental damages, including but not limited to money expended on the purchase of the , damages associated with the inconvenience suffered as a result of the complete failure of the  to operate properly, the loss of use of the  during the weeks it has been in the garage for repairs, the cost of repairs related to these defects, loss of wages, and attorneys' fees. Plaintiff has incurred and will continue to incur in order to protect their rights in this matter. The precise amount of damages is unknown at the present time but is estimated to be in excess of $150,000.00 and will be shown according to proof at trial. Attorneys' fees, loss of use, interest, and other damages continue to accrue.

30. Under the DTPA, Plaintiff is entitled to recover a sum equal to the aggregate amount of costs and expenses, including attorney's fees, if Plaintiff prevails. As a proximate result of Defendant's misconduct as alleged herein, and in an effort to protect their rights and to enforce the terms of the agreement as more particularly set forth above, it has become necessary for Plaintiff to employ the legal services of Richard C. Dalton. Plaintiff has incurred and continues to incur legal

fees, costs and expenses in connection therewith.

**COUNT 2:    VIOLATION OF THE MAGNUSON-MOSS WARRANTY ACT**

31.  Plaintiff re-alleges and incorporates by reference as though fully set forth herein each and every allegation contained in the preceding paragraphs.

32.  Plaintiff is a "consumer" as defined in the Magnuson-Moss Warranty Act (hereinafter "Warranty Act"), 15 U.S.C. § 2301(3).

33.  Defendant is a "supplier" and "warrantor" as defined in the Warranty Act, 15 U.S.C. § 2310(4) and (5).

34.  The COUGAR herein above described is a "consumer product" as defined in the Warranty Act, 15 U.S.C. § 2301(l), because it is normally used for personal purposes and Plaintiff in fact purchased it wholly or primarily for personal use.

35.  The express warranties more fully described herein above pertaining to the COUGAR, is a "written warranty" as defined in the Warranty Act, 15 U.S.C. § 2301(6).

36.  The actions of the Defendant and each of them as herein above described, in failing to tender the COUGAR, to Plaintiff free of defects and refusing to repair or replace the defective COUGAR, tendered to Plaintiff constitute a breach of the written and implied warranties covering the COUGAR, and hence a violation of the Magnuson-Moss Warranty Act.

37.  Plaintiff has performed all things agreed to and required of them under the purchase agreement and warranty, except as may have been excused or prevented by the conduct of Defendant as herein alleged.

38.  As a direct and proximate result of the acts and omissions of Defendant and each of them as set forth herein above, Plaintiff has been damaged herein above in an amount in excess of

$150,000.00 according to proof at trial.

39. Pursuant to the Magnuson-Moss Warranty Act, 15 U.S.C. § 2310(d)(2), Plaintiff is entitled to recover as part of the judgment, costs and expenses of the suit including attorney's fees based on actual time expended. As a proximate result of the misconduct of Defendant as alleged herein, and in an effort to protect his rights and to enforce the terms of the agreement as more particularly set forth above, it has become necessary for Plaintiff to employ the legal services of Richard C. Dalton. Plaintiff has incurred and continue to incur legal fees, costs and expenses in connection therewith.

**COUNT 3:   BREACH OF EXPRESS WARRANTIES AND/OR CONTRACT**

40. Plaintiff re-alleges and incorporates by reference as though fully set forth herein each and every allegation contained in the preceding paragraphs.

41. Th Defendant's advertisements and statements in written promotional and other materials contained broad claims amounting to a warranty that Plaintiff's COUGAR or those similarly situated were free from inherent risk of failure or latent defects. In addition, the Defendant issued an expressed written warranty which covered the COUGAR and warranted that the COUGAR was free of defects in materials and work quality at the time of delivery.

42. As alleged above, the Defendant breached its warranties by offering for sale, and selling as safe to Plaintiff a COUGAR that was latently defective, unsafe, and likely to cause economic loss to Plaintiff.

43. In breach of the foregoing warranties, the Defendant has failed to correct said defects.

44. The damages Plaintiff has suffered are a direct and proximate result of Defendant's actions in this matter include, but are not limited to, diminution in value of the vehicle; costs of

repairs; expenses associated with returning the vehicle for repeated repair attempts; loss of wages; loss of use; damages; and attorney fees.

### COUNT 4:   BREACH OF IMPLIED WARRANTIES

45. Plaintiff re-alleges and incorporates by reference as though fully set forth herein each and every allegation contained in the preceding paragraphs.

46. The Defendant impliedly warranted that Plaintiff's COUGAR which it designed, manufactured, and sold, were merchantable and fit and safe for his ordinary use, not otherwise injurious to consumers, and would come with adequate safety warnings.

47. Any purported limitation of the duration of the implied warranties contained in the written warranties given by Defendant is unreasonable and unconscionable and void under the principles of estoppel, because Defendant knew the defects existed and might not be discovered, if at all, until the COUGAR, had been driven for a period longer than the period of the written warranty, and Defendant willfully withheld information about the defects from Plaintiff.

48. Because of the defects, Plaintiff's COUGAR, is unsafe and unfit for use and has caused economic loss to the Plaintiff. Therefore, the Defendant breached the implied warranty of merchantability.

49. The damages Plaintiff has suffered are a direct and proximate result of Defendant' actions in this matter include, but are not limited to, diminution in value of the vehicle; costs of repairs; expenses associated with returning the vehicle for repeated repair attempts; loss of wages; loss of use; damages; and attorney fees.

### COUNT 5:   NEGLIGENCE AND NEGLIGENT MISREPRESENTATION

50. Plaintiff re-alleges and incorporates by reference herein each and every allegation set

-10-

forth in the preceding paragraphs.

51. The Defendant had a duty to Plaintiff to provide a product reasonably safe in design and manufacture, warn of dangerous defects, disclose adverse material facts when making representations of fact to Plaintiff and correct products which are defective.

52. The Defendant breached their duty of reasonably care and duty to disclose material adverse facts to Plaintiff by the following acts and omissions:

 a. Failure to design and manufacture a COUGAR that did not harbor the defects alleged herein;

 b. Failure to notify Plaintiff of the dangerous and defective condition of the COUGAR when Defendant knew or should have known of the dangerous and defective condition;

 c. Failure to fulfill its duty to disclose the material adverse facts as set forth above and otherwise failing to exercise due care under the circumstances; and

 d. Failure to repair the COUGAR in accordance with the express and implied warranties.

53. The damages Plaintiff has suffered are a direct and proximate result of Defendant' actions in this matter include, but are not limited to, diminution in value of the vehicle; costs of repairs; expenses associated with returning the vehicle for repeated repair attempts; loss of wages; loss of use; damages; and attorney fees.

### VII. Economic and Actual Damages

54. Plaintiff sustained the following economic and actual damages as a result of the actions and/or omissions of Defendant described herein above:

 a. Out of pocket expenses, including but not limited to the money paid towards the note securing the vehicle;

 b. Loss of use;

  c.  Loss of the "benefit of the bargain";

  d.  Diminished or reduced market value; and

  e.  Costs of repairs.

## VIII. Multiple Damages

55. The Defendant's conduct in violation of the DTPA was committed knowingly, as that term is defined, in that Defendant had actual awareness of the falsity, deception, or unfairness of such acts, practices, and/or omissions.

56. Plaintiff further shows that such acts, practices, and/or omissions were committed "intentionally" in that Defendant specifically intended that Plaintiff act in detrimental reliance on the falsity or deception or in detrimental ignorance of the unfairness.

57. Therefore, Plaintiff is entitled to recover multiple damages as provided by 17.50(b)(1) of the Texas Business and Commerce Code in an amount not to exceed three times the amount of his economic damages.

## IX. Attorney Fees and Costs

58. Plaintiff is entitled to recover as part of the judgment, costs and expenses of the suit including attorney's fees based on actual time expended. As a proximate result of the misconduct of Defendant as alleged herein, and in an effort to protect his rights and to enforce the terms of the agreement as more particularly set forth above, it has become necessary for Plaintiff to employ the legal services of Richard C. Dalton. Plaintiff has incurred and continue to incur legal fees, costs and expenses in connection therewith.

## X. Prayer

59. For these reasons, Plaintiff prays for judgment against the Defendant for the following:

a. For general, special and actual damages according to proof at trial;

b. Rescinding the sale of the 2020 KEYSTONE COUGAR bearing VIN 4YDF36424L2500345 and returning to Plaintiff the purchase price including all collateral costs at the time of the sale, any and all finance charges, insurance premiums, maintenance costs, repair costs, and damages;

c. For incidental and consequential damages according to proof at trial;

d. Out of pocket damages for expenditures related to any cost of repairs, deductibles; and towing charges.

e. Any diminution in value of the COUGAR, attributable to the defects;

f. Past and future economic losses;

g. Prejudgment and post-judgment interest;

h. Damages for loss of use of vehicle;

I. Civil Penalties and/or Punitive damages;

j. Damages for mental anguish;

k. Attorney fees;

l. Costs of suit, expert fees and litigation expenses; and

m All other relief this Honorable Court deems appropriate.

### XI. Demand for Jury Trial

60. Plaintiff hereby demands a trial by jury to the extent authorized by law.

| | |
|---|---|
| 1 | RESPECTFULLY SUBMITTED: |
| 2 | |
| 3 | BY: /s/ *Richard C. Dalton* |
| 4 | Richard C. Dalton<br>Texas Bar No. 24033539 |
| 5 | Louisiana Bar No. 23017<br>California Bar No. 268598 |
| 6 | 1343 West Causeway Approach |
| 7 | Mandeville, Louisiana 70471<br>E-mail: rick@rickdaltonlaw.com |
| 8 | Tel. (985) 778-2215 |
| 9 | ATTORNEY FOR PLAINTIFF |

-14-